UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GITESH PATEL, *doing business as* SARGAS PHARMACEUTICAL ADHERENCE & COMPLIANCE (SPAC) INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>CAREPOINTE LLC, et al.,<br><br>Defendants. | No. 1:20-cv-00040-DAD-JLT<br><br>ORDER *SUA SPONTE* DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

On January 10, 2020, the court issued an order requiring plaintiff to show cause in writing as to why this action should not be dismissed due to lack of subject matter jurisdiction. (Doc. No. 5.) In particular, the court noted that plaintiff asserts in his complaint that this court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, but he alleges that he is a citizen of California and that one of the defendants, Aaron Duerksen, is a resident of California. (*Id.*; *see also* Doc. No. 1 at 2, 3.) A copy of the court's order was served by mail on plaintiff at his address of record. Plaintiff was given fourteen (14) days to respond to the court's order to show cause, and he has failed to do so.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a

1

waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted).

Here, plaintiff filled out a *pro se* form complaint for a civil case alleging breach of contract in federal court based on diversity of citizenship, citing 28 U.S.C. § 1332. (Doc. No. 1.) Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the matter is between citizens of different states and the amount in controversy exceeds $75,000. In fact, the form complaint that plaintiff utilized provides the following explanation and direction:

> Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

(*Id.* at 3.) The form complaint prompts plaintiff to fill in blanks to allege his citizenship and the citizenship of the defendant. (*Id.*) If the complaint names more than one defendant, the plaintiff is directed to attach an additional page "providing the same information for each additional defendant." (*Id*. at 4.)

Plaintiff has named eight total defendants in his complaint: CarePointe LLC, John Rittenour, Vizihealthcare, Aaron Duerksen, Nevada Heart and Vascular Center, Professional Medical Consultants, Onpointe, and Lawrence M. Preston. (*Id*. at 1.) In the space provided by the form complaint, plaintiff alleges that: (1) he is a citizen of California; (2) defendant John Rittenour is a citizen of Arizona; and (3) defendant CarePointe LLC is incorporated under the laws of Arizona and has its principal place of business in Arizona. (*Id*. at 3.) Despite the form complaint's prompt to provide the citizenship information of the additional defendants in an attachment, plaintiff has provided only the names and addresses of those defendants.

Specifically, plaintiff provides an Arizona address for defendant Vizihealthcare, a Nevada address for defendants Nevada Heart and Vascular Center, Professional Medical Consultants, and Lawrence M. Preston, and a Tennessee address for defendant Onpointe. (*Id*. at 6.) But—fatal to his assertion of diversity jurisdiction—plaintiff provides a California address for Aaron Duerksen. (*Id*. at 2.) Plaintiff's jurisdictional allegations are facially deficient because complete diversity is not alleged. Further, plaintiff has failed to respond to the court's order to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

Accordingly:

1. This action is dismissed, without prejudice, for lack of subject matter jurisdiction; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 12, 2020**

UNITED STATES DISTRICT JUDGE